**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000447
29-MAR-2017
10:06 AM**

NO. CAAP-16-0000447

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellant,
v.
GERONIMO ULGARAN, also known as GERONIMO ULGARAN, SR.,
Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1994)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee Geronimo Ulgaran (Ulgaran) with second-degree burglary, in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014).[1] Ulgaran's burglary charge was based on his violation

---

[1] HRS § 708-811 provides, in relevant part:

> (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

HRS § 708-800 (2014), in turn, defines the phrase "enter or remain unlawfully," in relevant part, as follows:

> "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person.

of a trespass warning previously issued by Walmart pursuant to HRS § 708-814(1)(b) (2014).

The State appeals from the "Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Felony Information as a Matter of Law" (Dismissal Order) entered by the Circuit Court of the First Circuit (Circuit Court)[2] on May 5, 2016.

The relevant circumstances of this case are indistinguishable from those in the Hawai'i Supreme Court's recent decision in State v. King, 139 Hawai'i 249, 386 P.3d 886 (2016). In King, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defi[ance] of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." King, 139 Hawai'i at 257, 386 P.3d at 894 (brackets in original). Based on King, we affirm the Dismissal Order.

DATED: Honolulu, Hawai'i, March 29, 2017.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

James S. Tabe
Deputy Public Defender
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2] The Honorable Rom A. Trader presided.

2